BLACK, Circuit Judge,
concurring in part and dissenting in part:
I agree with majority’s decision to affirm on the first issue concerning 26 *1314 U.S.C. § 118(b). I respectfully disagree, however, with the majority’s decision on the second issue. I would reverse the district court insofar as it held that Appellant’s trenching costs could not be deducted per 26 U.S.C. § 162(a), but rather had to be capitalized per 26 U.S.C. § 263. It is true that the Internal Revenue Code bars a deduction for “[a]ny amount paid out ... for permanent improvements or better-ments”, but this bar applies only to improvements or betterments that are “made to increase the value of any property or estate.” 26 U.S.C. § 263(a)(1) (emphasis added). Due to the regulations and mandated accounting procedures of the Florida Public Service Commission (FPSC), it is legally impossible for Appellant’s trenching costs to ever result in an increase in the value of Appellant’s property or estate. The district court failed to give sufficient weight to this regulatory aspect of Appellant’s business. See Comm’r of Internal Revenue v. Idaho Power Co., 418 U.S. 1, 94 S.Ct. 2757, 2765, 41 L.Ed.2d 535 (1974) (holding that “[although agency-imposed compulsory accounting practices do not necessarily dictate tax consequences, they are not irrelevant and may be accorded some significance” (citation omitted)).[1] For that reason, I respectfully dissent from the majority’s decision to affirm the district court’s grant of summary judgment for Appellee with regard to the de-ductibility of Appellant’s' trenching costs.

. I acknowledge that our decision in City Gas Co. of Fla. v. Comm’r of Internal Revenue, 689 F.2d 943, 949 (11th Cir.1982) probably precludes the FPSC accounting practices from being controlling for tax purposes. But just because the FPSC accounting practices are not controlling does not mean they cannot be considered in assessing whether the trenching costs qualify as deductions under § 162(a). See Idaho Power Co., 94 S.Ct. at 2765-66 (noting how accounting procedures required by federal and state regulatory agencies must be given some, though not necessarily controlling, weight).